1   Bingham McCutchen LLP
    JENNIFER G. REDMOND (SBN 144790)
2   ADAM JOHN TULLMAN (SBN 235695)
    Three Embarcadero Center
3   San Francisco, CA  94111-4067             *E-FILED 3/28/06*
    Telephone:  (415) 393-2000
4   Facsimile:  (415) 393-2286

5   Attorneys for Defendant
    ALLIANCE RESIDENTIAL COMPANY

6

7

8                     UNITED STATES DISTRICT COURT

9                 NORTHERN DISTRICT OF CALIFORNIA

10                       SAN JOSE DIVISION

11

12   BLANCA AGUILAR,                   No. C0503664 RS

13             Plaintiff,               STIPULATED PROTECTIVE ORDER

14       v.

15   ALLIANCE RESIDENTIAL COMPANY and
    DOES 1-20, inclusive,
16
            Defendants.
17

18

19         1.       **PURPOSES AND LIMITATIONS**

20             Disclosure and discovery activity in this action are likely to involve production of

21 confidential, proprietary, or private information for which special protection from public

22 disclosure and from use for any purpose other than prosecuting this litigation would be

23 warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the

24 following Stipulated Protective Order. The parties acknowledge that this Order does not confer

25 blanket protections on all disclosures or responses to discovery and that the protection it affords

26 extends only to the limited information or items that are entitled under the applicable legal

27 principles to treatment as confidential. The parties further acknowledge, as set forth in Section

28 10, below, that this Stipulated Protective Order creates no entitlement to file confidential

1    information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed

2    and reflects the standards that will be applied when a party seeks permission from the court to

3    file material under seal.

4            **2.**      **DEFINITIONS**

5             2.1    Party:  any party to this action, including all of its officers,

6    directors, employees, consultants, retained experts, and outside counsel (and their support staff).

7             2.2    Disclosure or Discovery Material:  all items or information,

8    regardless of the medium or manner generated, stored, or maintained (including, among other

9    things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or

10    responses to discovery in this matter.

11           2.3    "Confidential" Information or Items:  information (regardless of

12    how generated, stored or maintained) or tangible things that qualify for protection under

13    standards developed under F.R.Civ.P. 26(c).

14           2.4    Receiving Party:  a Party that receives Disclosure or Discovery

15    Material from a  Producing Party.

16           2.5    Producing Party:  a Party or non-party that produces Disclosure or

17    Discovery Material in this action.

18           2.6    Designating Party:  a Party or non-party that designates

19    information or items that it produces in disclosures or in responses to discovery as

20    "Confidential."

21           2.7    Protected Material:  any Disclosure or Discovery Material that is

22    designated as "Confidential."

23           2.8    Outside Counsel:  attorneys who are not employees of a Party but

24    who are retained to represent or advise a Party in this action.

25           2.9    House Counsel:  attorneys who are employees of a Party.

26           2.10    Counsel (without qualifier):  Outside Counsel and House Counsel

27    (as well as their support staffs).

28

SF/21652493.2

1        2.11    <u>Expert</u>:  a person with specialized knowledge or experience in a

2    matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an

3    expert witness or as a consultant in this action and who is not a past or a current employee of a

4    Party or of a competitor of a Party's and who, at the time of retention, is not anticipated to

5    become an employee of a Party or a competitor of a Party's. This definition includes a

6    professional jury or trial consultant retained in connection with this litigation.

7        2.12    <u>Professional Vendors</u>:  persons or entities that provide litigation

8    support services (e.g., photocopying; videotaping; translating; preparing exhibits or

9    demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their

10   employees and subcontractors.

11   **3.    SCOPE**

12       The protections conferred by this Stipulation and Order cover not only Protected

13   Material (as defined above), but also any information copied or extracted therefrom, as well as

14   all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or

15   presentations by parties or counsel to or in court or in other settings that might reveal Protected

16   Material.

17   **4.    DURATION**

18       Even after the termination of this litigation, the confidentiality obligations

19   imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing

20   or a court order otherwise directs.

21   **5.    DESIGNATING PROTECTED MATERIAL**

22       5.1    Exercise of Restraint and Care in Designating Material for

23   Protection. Each Party or non-party that designates information or items for protection under this

24   Order must take care to limit any such designation to specific material that qualifies under the

25   appropriate standards.  A Designating Party must take care to designate for protection only those

26   parts of material, documents, items, or oral or written communications that qualify – so that other

27   portions of the material, documents, items, or communications for which protection is not

28   warranted are not swept unjustifiably within the ambit of this Order.  Mass, indiscriminate, or

STIPULATED PROTECTIVE ORDER

3

1    routinized designations are prohibited.  Designations that are shown to be clearly unjustified, or

2    that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case

3    development process, or to impose unnecessary expenses and burdens on other parties), expose

4    the Designating Party to sanctions.  If it comes to a Party's or a non-party's attention that

5    information or items that it designated for protection do not qualify for protection at all, or do not

6    qualify for the level of protection initially asserted, that Party or non-party must promptly notify

7    all other parties that it is withdrawing the mistaken designation.

8                     5.2      Manner and Timing of Designations.  Except as otherwise

9    provided in this Order (see, e.g., second paragraph of section 5.2(a), below), or as otherwise

10   stipulated or ordered, material that qualifies for protection under this Order must be clearly so

11   designated before the material is disclosed or produced.

12                   Designation in conformity with this Order requires:

13                            (a)      for information in documentary form (apart from

14   transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the

15   legend "CONFIDENTIAL" to each page that contains protected material.  If only a portion or

16   portions of the material on a page qualifies for protection, the Producing Party also must clearly

17   identify the protected portion(s) (e.g., by making appropriate markings in the margins)

18                   A Party or non-party that makes original documents or materials available for

19   inspection need not designate them for protection until after the inspecting Party has indicated

20   which material it would like copied and produced.  During the inspection and before the

21   designation, all of the material made available for inspection shall be deemed

22   "CONFIDENTIAL."  After the inspecting Party has identified the documents it wants copied and

23   produced, the Producing Party must determine which documents, or portions thereof, qualify for

24   protection under this Order, then, before producing the specified documents, the Producing Party

25   must affix the appropriate legend to each page that contains Protected Material.  If only a portion

26   or portions of the material on a page qualifies for protection, the Producing Party also must

27   clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

28

SF/21652493.2

1        (b)      for testimony given in deposition or in other pretrial or trial

2    proceedings, that the Party or non-party offering or sponsoring the testimony identify on the

3    record, before the close of the deposition, hearing, or other proceeding, all protected testimony.

4    When it is impractical to identify separately each portion of testimony that is entitled to

5    protection, and when it appears that substantial portions of the testimony may qualify for

6    protection, the Party or non-party that sponsors, offers, or gives the testimony may invoke on the

7    record (before the deposition or proceeding is concluded) a right to have up to 20 days to identify

8    the specific portions of the testimony as to which protection is sought.  Only those portions of the

9    testimony that are appropriately designated for protection within the 20 days shall be covered by

10   the provisions of this Stipulated Protective Order.

11        Transcript pages containing Protected Material must be separately bound by the

12   court reporter, who must affix each such page the legend "CONFIDENTIAL" as instructed by

13   the Party or nonparty offering or sponsoring the witness or presenting the testimony.

14        (c)      for information produced in some form other than

15   documentary, and for any other tangible items, that the Producing Party affix in a prominent

16   place on the exterior of the container or containers in which the information or item is stored the

17   legend "CONFIDENTIAL". If only portions of the information or item warrant protection, the

18   Producing Party, to the extent practicable, shall identify the protected portions.

19        5.3      Inadvertent Failures to Designate.  If timely corrected, an

20   inadvertent failure to designate qualified information or items as "CONFIDENTIAL" does not,

21   standing alone, waive the Designating Party's right to secure protection under this Order for such

22   material. If material is appropriately designated as "CONFIDENTIAL" after the material was

23   initially produced, the Receiving Party, on timely notification of the designation, must make

24   reasonable efforts to assure that the material is treated in accordance with the provisions of this

25   Order.

26        **6.      CHALLENGING CONFIDENTIALITY DESIGNATIONS**

27        6.1      Timing of Challenges.  Unless a prompt challenge to a Designating

28   Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness,

STIPULATED PROTECTIVE ORDER

1    unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party

2    does not waive its right to challenge a confidentiality designation by electing not to mount a

3    challenge promptly after the original designation is disclosed.

4               6.2    Meet and Confer.  A Party that elects to initiate a challenge to a

5    Designating Party's confidentiality designation must do so in good faith and must begin the

6    process by conferring directly (in voice to voice dialogue; other forms of communication are not

7    sufficient) with counsel for the Designating Party. In conferring, the challenging Party must

8    explain the basis for its belief that the confidentiality designation was not proper and must give

9    the Designating Party an opportunity to review the designated material, to reconsider the

10   circumstances, and, if no change in designation is offered, to explain the basis for the chosen

11   designation. A challenging Party may proceed to the next stage of the challenge process only if it

12   has engaged in this meet and confer process first.

13              6.3    Judicial Intervention.  A Party that elects to press a challenge to a

14   confidentiality designation after considering the justification offered by the Designating Party

15   may file and serve a motion under Civil Local Rule 7 (and in compliance with Civil Local Rule

16   79-5, if applicable) that identifies the challenged material and sets forth in detail the basis for the

17   challenge. Each such motion must be accompanied by a competent declaration that affirms that

18   the movant has complied with the meet and confer requirements imposed in the preceding

19   paragraph and that sets forth with specificity the justification for the confidentiality designation

20   that was given by the Designating Party in the meet and confer dialogue.

21        The burden of persuasion in any such challenge proceeding shall be on the

22   Designating Party. Until the court rules on the challenge, all parties shall continue to afford the

23   material in question the level of protection to which it is entitled under the Producing Party's

24   designation.

25        **7.    ACCESS TO AND USE OF PROTECTED MATERIAL**

26              7.1    Basic Principles.  A Receiving Party may use Protected Material

27   that is disclosed or produced by another Party or by a non-party in connection with this case only

28   for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be

STIPULATED PROTECTIVE ORDER

6

1   disclosed only to the categories of persons and under the conditions described in this Order.

2   When the litigation has been terminated, a Receiving Party must comply with the provisions of

3   section 11, below (FINAL DISPOSITION).

4                Protected Material must be stored and maintained by a Receiving Party at a

5   location and in a secure manner that ensures that access is limited to the persons authorized

6   under this Order.

7                7.2     Disclosure of "CONFIDENTIAL" Information or Items.  Unless

8   otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving

9   Party may disclose any information or item designated CONFIDENTIAL only to:

10                (a)     the Receiving Party's Outside Counsel of record in this

11   action, as well as  employees of said Counsel to whom it is reasonably necessary to disclose the

12   information for this litigation and who have signed the "Agreement to Be Bound by Protective

13   Order" that is attached hereto as Exhibit A;

14                (b)     The Receiving Party and the officers, directors, and

15   employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably

16   necessary for this litigation and who have signed the "Agreement to Be Bound by Protective

17   Order" (Exhibit A);

18                (c)     experts (as defined in this Order) of the Receiving Party to

19   whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement

20   to Be Bound by Protective Order" (Exhibit A);

21                (d)     the Court and its personnel;

22                (e)     court reporters, their staffs, and professional vendors to

23   whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement

24   to Be Bound by Protective Order" (Exhibit A);

25                (f)     during their depositions, witnesses in the action to whom

26   disclosure is reasonably necessary and who have signed the "Agreement to Be Bound by

27   Protective Order" (Exhibit A). Pages of transcribed deposition testimony or exhibits to

28

STIPULATED PROTECTIVE ORDER
7

1  depositions that reveal Protected Material must be separately bound by the court reporter and

2  may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

3                          (g)        the author of the document or the original source of the

4  information.

5      **8.        PROTECTED MATERIAL SUBPOENAED OR ORDERED**
             **PRODUCED IN OTHER LITIGATION.**
6

7          If a Receiving Party is served with a subpoena or an order issued in other

8  litigation that would compel disclosure of any information or items designated in this action as

9  "CONFIDENTIAL," the Receiving Party must so notify the Designating Party, in writing (by

10  fax, if possible) immediately and in no event more than three court days after receiving the

11  subpoena or order. Such notification must include a copy of the subpoena or court order.

12          The Receiving Party also must immediately inform in writing the Party who

13  caused the subpoena or order to issue in the other litigation that some or all the material covered

14  by the subpoena or order is the subject of this Protective Order. In addition, the Receiving Party

15  must deliver a copy of this Stipulated Protective Order promptly to the Party in the other action

16  that caused the subpoena or order to issue.

17          The purpose of imposing these duties is to alert the interested parties to the

18  existence of this Protective Order and to afford the Designating Party in this case an opportunity

19  to try to protect its confidentiality interests in the court from which the subpoena or order issued.

20  The Designating Party shall bear the burdens and the expenses of seeking protection in that court

21  of its confidential material – and nothing in these provisions should be construed as authorizing

22  or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

23      **9.        UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

24          If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed

25  Protected Material to any person or in any circumstance not authorized under this Stipulated

26  Protective Order, the Receiving Party must immediately (a) notify in writing the Designating

27  Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected

28  Material, (c) inform the person or persons to whom unauthorized disclosures were made of all

STIPULATED PROTECTIVE ORDER

1  the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment

2  and Agreement to Be Bound" that is attached hereto as Exhibit A.

3  **10.  FILING PROTECTED MATERIAL.**

4  Without written permission from the Designating Party or a court order secured

5  after appropriate notice to all interested persons, a Party may not file in the public record in this

6  action any Protected Material. A Party that seeks to file under seal any Protected Material must

7  comply with Civil Local Rule 79-5.

8  **11.  FINAL DISPOSITION.**

9  Unless otherwise ordered or agreed in writing by the Producing Party, within

10  sixty days after the final termination of this action, each Receiving Party must return all

11  Protected Material to the Producing Party. As used in this subdivision, "all Protected Material"

12  includes all copies, abstracts, compilations, summaries or any other form of reproducing or

13  capturing any of the Protected Material. With permission in writing from the Designating Party,

14  the Receiving Party may destroy some or all of the Protected Material instead of returning it.

15  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a

16  written certification to the Producing Party (and, if not the same person or entity, to the

17  Designating Party) by the sixty day deadline that identifies (by category, where appropriate) all

18  the Protected Material that was returned or destroyed and that affirms that the Receiving Party

19  has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or

20  capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to

21  retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda,

22  correspondence or attorney work product, even if such materials contain Protected Material. Any

23  such archival copies that contain or constitute Protected Material remain subject to this

24  Protective Order as set forth in Section 4 (DURATION), above.

25

26

27

28

STIPULATED PROTECTIVE ORDER

1       **12.   MISCELLANEOUS**

2           12.1   <u>Right to Further Relief</u>.  Nothing in this Order abridges the right of

3   any person to seek its modification by the Court in the future.

4           12.2   <u>Right to Assert Other Objections</u>.  By stipulating to the entry of

5   this Protective Order no Party waives any right it otherwise would have to object to disclosing or

6   producing any information or item on any ground not addressed in this Stipulated Protective

7   Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of

8   the material covered by this Protective Order.

9   IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

10  DATED:

11      March 23, 2006      /S/

12                          Israel Ramirez
Ramirez & Martinez Law Offices
Attorneys for Plaintiff
Blanca Aguilar

13  DATED:

14      March 24, 2006      /S/

15                    Adam Tullman
Bingham McCutchen LLP
Attorneys for Defendant
Alliance Residential Services

18  PURSUANT TO STIPULATION, IT IS SO ORDERED.

19  DATED:  3/28/06

21                 The Honorable Richard Seebord
Magistrate Judge

STIPULATED PROTECTIVE ORDER
10

SF/21652493.2

1

**EXHIBIT A**

2

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

3       I, _____ [print or type full name], of

4   _____ [print or type full address], declare under penalty of perjury that I have

5   read in its entirety and understand the Stipulated Protective Order that was issued by the United

6   States District Court for the Northern District of California on [date] in the case of Aguilar v.

7   Alliance. I agree to comply with and to be bound by all the terms of this Stipulated Protective

8   Order and I understand and acknowledge that failure to so comply could expose me to sanctions

9   and punishment in the nature of contempt. I solemnly promise that I will not disclose in any

10  manner any information or item that is subject to this Stipulated Protective Order to any person

11  or entity except in strict compliance with the provisions of this Order. I further agree to submit to

12  the jurisdiction of the United States District Court for the Northern District of California for the

13  purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement

14  proceedings occur after termination of this action.

15      I hereby appoint _____ [print or type full name] of

16  _____ [print or type full address and telephone

17  number] as my California agent for service of process in connection with this action or any

18  proceedings related to enforcement of this Stipulated Protective Order.

19  Date: _____

20  City and State where sworn and signed: _____

21  Printed name: _____

22  [printed name]

23  Signature: _____

24                      [signature]

25

26

27

28

STIPULATED PROTECTIVE ORDER

11

SF/21652493.2

1                      **<u>SIGNATURE ATTESTATION</u>**

2

3               I hereby attest that I have on file all holograph signatures for any signatures indicated by a "conformed" signature (/S/) within this efiled document.

4

5 DATED:  March 24, 2006

6

7                             BINGHAM MCCUTCHEN LLP

8

9                        By:/S/_____

10                               Adam John Tullman
                             Attorneys for Defendant

11                        ALLIANCE RESIDENTIAL COMPANY

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATED PROTECTIVE ORDER
12

SF/21652493.2